UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

LINDA M. HINES,  : CASE NO. 1:18-CV-786
　　　　Plaintiff,  :
　　　　　v.  : OPINION & ORDER
　　　　　　　　　　　　　　　: [Resolving Doc. 16]
UNUM LIFE INSURANCE  :
COMPANY OF AMERICA,  :
　　　　Defendant.  :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this ERISA case, Plaintiff Linda M. Hines claims that Defendant UNUM Life Insurance Company of America ("UNUM") wrongfully denied her long-term disability benefits.[1] On June 7, 2018, Defendant UNUM filed under seal the administrative record it used in its decision.[2]

Plaintiff argues that the administrative record is missing documents and information that Plaintiff's healthcare providers gave to UNUM.[3] Plaintiff therefore moves the Court for limited discovery about these omissions.[4] Defendant UNUM opposes.[5]

As a general matter, an ERISA claimant cannot seek discovery of evidence outside of the administrative record.[6] In reviewing a benefits claim denial, district courts are usually "confined to the record that was before the Plan Administrator."[7] The exception to this rule is for evidence concerning a "procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part."[8]

---

[1] Doc. 1-1.
[2] Doc. 14. Defendant UNUM certifies that the administrative record file constitutes "a true and accurate copy." Doc. 18-1 at ¶ 5.
[3] Doc. 16.
[4] *Id.*
[5] Doc. 18.
[6] *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618-19 (6th Cir. 1998).
[7] *Id.* at 615.
[8] *Id.* at 618; *Cooper v. Life Ins. Co. of N. Am.*, 486 F.3d 157, 171 (6th Cir. 2007).

Case No. 1:18-CV-786
Gwin, J.

Plaintiff Hines argues that her medical records from Dr. Marc F.G. Estafanous, Dr. Gregory Louis, and Dr. Patricia Grace are relevant to her disability claim and were provided to UNUM, but are not included in the filed administrative record.[9] Plaintiff argues that discovery about these absences is relevant to showing that UNUM "deliberately utilized an incomplete record" to deny Plaintiff benefits.[10]

Defendant, however, argues that such evidence is inappropriate because Plaintiff fails to make any colorable procedural challenge to warrant discovery.[11] Defendant UNUM argues that Plaintiff presents no evidence that the record is incomplete or that UNUM deliberately excluded the relevant records.[12] Defendant UNUM argues that Plaintiff cannot now supplement the record when she failed to do so during the administrative process.[13]

The Court finds that Plaintiff sufficiently makes a procedural challenge to the Administrator's decision based on an arguably incomplete administrative record. Further discovery on whether Plaintiff or her healthcare providers forwarded medical records to UNUM that are not included in the administrative record is relevant to her procedural challenge.

This discovery can help determine whether there are administrative record gaps that impair the Court's ability to consider all evidence with respect to Defendant UNUM when it made the benefits denial.[14] Should that be the case, remand back to Defendant UNUM would be the appropriate remedy.[15] This is because Defendant UNUM must be allowed to "conduct a review in the first instance, considering the relevant material it originally excluded."[16]

---

[9] Doc. 16 at 1-2.
[10] *Id.* at 2.
[11] Doc. 18 at 3-6.
[12] *Id.* at 3-4. Defendant UNUM also argues that the allegedly missing Dr. Louis records are already included in the filed administrative record. *Id.* at 4-5 (citing Doc. 14-1 at 168, 346). The Court, however, does not see any indication from the documents that they belong to Dr. Louis.
[13] Doc. 18 at 5.
[14] *See Daft v. Advest, Inc.*, 658 F.3d 583, 596 (6th Cir. 2011) ("The district court lacked crucial information relevant to the top-hat issue, a problem that can be corrected only by remanding Plaintiffs' benefit claim.").
[15] *Id.*
[16] *Killian v. Healthsource Provident Admins., Inc.*, 152 F.3d 514, 522 (6th Cir. 1998).

Case No. 1:18-CV-786
Gwin, J.

Accordingly, the Court **GRANTS** Plaintiff's request to seek discovery specifically on whether Plaintiff Hines or Plaintiff's healthcare providers forwarded relevant medical evidence to UNUM that is not included in the filed administrative record.

IT IS SO ORDERED.

Dated: July 20, 2018                                  *s/       James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE